UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| GARY N. AUBUCHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-727-GPM |
| | ) |
| HENRY M. PAULSON, JR., in his capacity as Secretary of the Treasury, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Gary N. AuBuchon, and for his cause of action against the Defendant, Henry M. Paulson, Jr., in his capacity as Secretary of the Treasury, states as follows:

### JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, and Title 42, United States Code, Sections 2000e-5 and 2000e-16. This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees including employees of the government of the United States protection against discriminatory treatment in employment because of age, race, color, religion, sex or national origin.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since the Defendant, Henry M. Paulson, Jr., in his capacity as Secretary of the Treasury, engages in his official activities within the judicial district of this Court.

## PARTIES

1. That the Plaintiff, Gary N. AuBuchon, was at all times relevant to the above proceeding an employee of the Internal Revenue Service and, in that connection, was an Internal Revenue Agent. At times relevant to this proceeding, he worked as a Revenue Agent out of the St. Louis, Missouri office in a GS-13 pay grade position.

2. That the Defendant, Henry M. Paulson, Jr., is the head of a department of the federal government commonly known as the United States Department of the Treasury, and, in that capacity, does oversee a certain executive agency of the federal government known as the Internal Revenue Service ["IRS"].

3. That at all times pertinent to this proceeding the Internal Revenue Service was an executive agency as defined in 5 U.S.C. Section 105 and did, in connection with its governmental enterprise, employ individuals throughout the states of the United States including the state of Illinois.

## ALLEGATIONS COMMON TO EACH COUNT

4. That within the time prescribed by law the Plaintiff, Gary N. AuBuchon, did cause to be filed with the United States Department of the Treasury a charge of civil rights violation against the Defendant, Henry M. Paulson, Jr., in his capacity as Secretary of the Treasury. Upon receiving a decision from that Department denying his claim, he sought a review of that decision with the United States Equal Employment Opportunity Commission ["EEOC"]. This proceeding is being commenced within ninety (90) days of the time the Plaintiff, Gary N. AuBuchon, received notice of the dismissal of his claim and right to sue by EEOC.

5. That the Plaintiff, Gary N. AuBuchon, commenced his employment as a revenue agent

with the Internal Revenue Service on or about October 9, 1979 and has been employed continuously by it since that time.

6. That between the commencement date of his employment and May 2008, the Plaintiff, Gary N. AuBuchon,: a) consistently received performance evaluations by his supervisors evidencing performance which were fully successful or exceeded expectations; or b) from time to time received awards for work performance; c) from time to time received job promotions; and d) has been recognized for his expertise in international examinations.

7. That the Plaintiff, Gary N. AuBuchon, is a male, Caucasian who was born on November 10, 1954.

## COUNT I

For his first cause of action, Plaintiff, Gary N. AuBuchon, states as follows:

1-7. For paragraphs 1 through 7 of Count I, Plaintiff, Gary N. AuBuchon repeats and re-alleges paragraphs 1-7 above.

8. That on or about March 30, 2007, the Plaintiff, Gary N. AuBuchon submitted an application to his IRS Human Resource office, for Vacancy Announcement GS 6063 LMB 70 465. In that announcement the IRS was seeking to fill a Grade 14 International Examiner position for a specific corporate taxpayer.

9. That after submitting the application to the Human Resources office, the Plaintiff, Gary N. AuBuchon, on that same day mailed the entire package, including a Form 4536 with certified receipt requested to the Human Resources office.

10. That on or about April 17, 2007, after the closing date for position GS 6063 LMB 70 465, the Plaintiff, Gary N. AuBuchon was informed by his supervisor, Ronald Webster, that he

was not being considered for the above position because his Form 4536 was missing from the package.

11. That on or about April 17, 2007, the Plaintiff, Gary N. AuBuchon, called Human Resource Specialist, Joe Costello concerning his application and confirmed that the Human Resources office had received both the application submitted by facsimile and the original application which was sent by mail.

12. That Costello advised Plaintiff, Gary N. AuBuchon, during the above conversation that neither the faxed nor mailed application had a Form 4536 included.

13. That Plaintiff, Gary N. AuBuchon, maintained a copy of the mailed application which included a copy of the Form 4536.

14. That in the above referenced conversation the Plaintiff, Gary N. AuBuchon, quoted the Collective Bargaining Agreement concerning his employment which states in Article 13, Section 4(9)(a) that:

> When an employee's application is found to be lacking information within the employee's control (such as a signature), the Employer will notify the employee and give him or her five (5) workdays to submit the missing information.

15. That at all times relevant to the case, the IRS had a personnel policy referred to as Human Capital Policy # UOG335-12 that identifies procedures to be used when an employee's application is not complete. Section III item 3 of that provision provides as follows:

> Applicant information specific to the announced vacancy (for example desired post or required specific shift information) is found on the application for promotion/reassignment (FORM 4536) and the Merit Program Questionnaire (MPQ)(form 9686). This information falls within the employees control, it is required for the merit promotion process, and the employee will be given 5 workdays to submit the missing information.

16. That the Collective Bargaining Agreement referred to above further provides in Article 13, Section 4(10) that an employee who applies for a position and is not found eligible will be notified prior to the establishment of a Best Qualified List from which the selection is made, which notification in this case was not provided to the Plaintiff, Gary N. AuBuchon, prior to completion of the Best Qualified List.

17. That Article 13, Section 4(a)(10) of the Collective Bargaining Agreement referred to above further required the IRS to return the alleged deficient package for completion which Defendant also failed to do.

18. That under the terms of the Collective Bargaining Agreement an employee is eligible to compete for positions he is qualified for and the IRS cannot prevent employees from so competing.

19. That despite the foregoing requirements, the Plaintiff was told that because of the alleged omission of Form 4536 in the application packages, he was not considered for the above position for which he had applied.

20. That the successful candidate for position vacancy GS 6063 LMB 70 465 was an African American female who was chosen from a Best Qualified list which included two other individuals, each of whom were females.

21. That the Plaintiff, Gary N. AuBuchon, was more qualified than the successful candidate for the foregoing position by virtue of his employment experience which included 8 years as domestic examiner of the specific corporate taxpayer which the international examiner was assigned to in position vacancy GS 6063 LMB 70 465.

22. That on information and belief, female applicants who had applied for other positions

were allowed to submit application information after the closing date for the announcement and were then considered for the positions for which they applied.

23. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Gary N. AuBuchon, was the recipient of discriminatory treatment in employment because of his gender in violation of 42 USC § 2000e-2, in that he was passed over for a position for which he was well qualified, to wit: International Examiner, in favor of a less qualified female employee who had less relevant experience with the Internal Revenue Service than did the Plaintiff, Gary N. AuBuchon.

24. That as a direct and proximate result of the discriminatory treatment described above, Plaintiff, Gary N. AuBuchon, suffered damage through the loss of the employment opportunities and advancements in employment consistent with his career goals and objectives as well as lost salary and benefits. He has also suffered emotional distress, mental anguish, and loss of the enjoyment of life.

## COUNT II

1-25. For paragraphs 1-24 of his second cause of action Plaintiff, Gary N. AuBuchon, repeats and realleges paragraphs 1-24 above and states as follows:

25. That by virtue of eliminating the Plaintiff, Gary N. AuBuchon, from consideration for the GS 6063 LMB 70 465 position, the selecting official, Howard Martin, an African American selected a less experienced African American female who unlike the Plaintiff, Gary N. AuBuchon, had no prior experience with the taxpayer which the position being filled would examine.

26. That by virtue of the conduct described in the preceding paragraphs the Plaintiff,

Gary N. AuBuchon, was the recipient of discriminatory treatment in employment because of his race in violation of 42 USC § 2000e-2 in that he was passed over for a position for which he was well qualified, but for which he was not allowed to compete in favor of less qualified African American employee who had less relevant experience with the Internal Revenue Service than did the Plaintiff, Gary N. AuBuchon.

27. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Gary N. AuBuchon, suffered damage through the loss of the employment opportunities and advancements in employment consistent with his career goals and objectives as well as lost salary and benefits. He has also suffered emotional distress, mental anguish, and loss of the enjoyment of life.

WHEREFORE, the Plaintiff, Gary N. AuBuchon, respectfully requests that this Court enter judgment in his favor and against the Defendant, Henry M. Paulson, Jr., in his capacity as Secretary of the Treasury, and provide the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 USC § 2000e-2 and 29 USC § 633a and issue a mandatory injunction against the Defendant, Henry M. Paulson, Jr., in his capacity as Secretary of the Treasury, to take affirmative steps to ensure that he and all individuals working under him in the Internal Revenue Service or otherwise refrain from engaging in any actions with respect to the Plaintiff, Gary N. AuBuchon, which are prohibited under the terms of the acts aforesaid;

B. Issue a mandatory injunction directing the Defendant, Henry M. Paulson, Jr., in his capacity as Secretary of the Treasury, appoint the Plaintiff, Gary N. AuBuchon, to a position of

employment in the Internal Revenue Service which at the time of trial he would have held but for the discriminatory conduct complained of in this Complaint will all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

C. Award the Plaintiff, Gary N. AuBuchon, damages sufficient to compensate him for economic loss suffered as a result of the denial of career advancement opportunities as alleged in this Complaint as well as compensatory damages to the extent permitted by law;

D. Assess against the Defendant, Henry M. Paulson, Jr., in his capacity as Secretary of the Treasury, the costs and expenses incurred by the Plaintiff, Gary N. AuBuchon, in maintaining the above captioned proceeding together with the reasonable attorneys' fees incurred by him in prosecuting the above captioned cause; and

E. Provide such other relief as the Court deems be equitable and just.

THE PLAINTIFF, GARY N. AUBUCHON, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THE ABOVE CAPTIONED PROCEEDING WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.

GARY N. AUBUCHON, Plaintiff

By: s/James P. Baker
James P. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail: brendabakerlaw@sbcglobal.net